UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SKYE ERIE, et al.**  　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**  　　　　　　　　　　　　　　　　　**NO. 23-5444**

**GEOVERA SPECIALTY INSURANCE COMPANY**  　**SECTION: "G"(3)**

## ORDER AND REASONS

This litigation involves a property damage dispute following Hurricane Ida.[1] Before the Court is Defendant Geovera Specialty Insurance Company's ("Defendant") Motions for Partial Dismissal of Plaintiffs Skye Erie Individual Capacity Claims and Charles Baker's Claims for Lack of Standing.[2] Defendant seeks dismissal of Skye Erie and Charles Baker's claims, arguing that neither plaintiff was listed on the insurance policy, nor did either plaintiff ever own the insured property.[3] Both motions were set for submission on July 24, 2024. Pursuant to Local Rule 7.5, oppositions to the motions were to be filed on or before July 16, 2024. To date, neither Plaintiff has not filed a response to the instant motions. As such, the motions shall be deemed unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[4]

Considering the motions, the record, and the applicable law, the Court finds that Skye Erie, individually, and Charles Baker do not have standing to bring their claims against Defendant. Accordingly, the Court grants Defendant's motions.

---

[1] See Rec. Doc. 1.

[2] Rec. Doc. 14; Rec. Doc. 17.

[3] *Id.*

[4] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

## I. Background

The petition alleges that Plaintiffs Skye Erie and Charles Baker ("Plaintiffs") owned property located at 2701 Bayou Road, New Orleans, Louisiana 70119 ("the Property").[5] The petition states that Defendant provided a policy of insurance to Plaintiffs.[6] On August 29, 2021, Hurricane Ida struck Southeast Louisiana, allegedly damaging the property.[7] Plaintiffs allege that that they reported the loss to Defendant, and despite receiving satisfactory proof of loss, Defendant failed to adjust the claim fairly.[8]

On August 15, 2023, Skye Erie, individually and on behalf of the estate of Sari Brandin, and Charles Baker filed a petition for damages against Defendant in the Civil District Court for the Parish of Orleans.[9] Plaintiffs allege that Defendant breached the insurance contract and acted in violation of Louisiana Revised Statue §§ 22:1892 and 22:1973.[10] On September 21, 2023, Defendant removed the matter to this Court based on diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[11]

On July 1, 2024, Defendant filed a Motion for Partial Dismissal based on Plaintiff Skye Erie's Lack of Standing.[12] On July 9, 2024, Defendant filed a Motion for Partial Dismissal based

---

[5] Rec. Doc. 1-1 at 5.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 6.

[9] *Id.* at 4.

[10] *Id.* at 7–9.

[11] Rec. Doc. 1.

[12] Rec. Doc. 14.

on Plaintiff Charles Baker's Lack of Standing.[13] Both motions were set for submission on July 24, 2024. Pursuant to Local Rule 7.5, oppositions to the motions were to be filed on or before July 16, 2024. To date, neither Plaintiff has filed any opposition to the motion.

## II. Defendant's Arguments in Support of Dismissal

**A.   *Defendant's Arguments in Support of Dismissal of Skye Erie's Individual Capacity Claims***

Defendant contends it issued a policy of insurance bearing policy number GC80022327 to Sari Brandin and Dorothy Adams for the property located at 2701 Bayou Road, New Orleans, Louisiana 70019.[14] On September 23, 2022, a purchase agreement and assignment of benefits related to the subject property was executed between Sari Brandin and the Baker Cowan Company, LLC.[15] Plaintiff Charles Baker is the manager of the Baker Cowan Company, LLC.[16] Defendant states that Dorothy Adams passed away on January 12, 2023, and Sari Brandin passed away on April 21, 2023.[17] Defendant contends that Skye Erie was named the executor of the estate of Sari Brandin and was granted 50% ownership of Sari Brandin's property.[18]

First, Defendant argues that there is no legal relationship between it and Skye Erie in her individual capacity.[19] Defendant asserts that Skye Erie is not a named insured, nor does Skye Erie own the home at issue.[20] Defendant avers that Skye Erie has never owned the home nor had legal

---

[13] Rec. Doc. 17.

[14] Rec. Doc. 14-1 at 1.

[15] Rec. Doc. 14-7.

[16] Rec. Doc. 17-7.

[17] Rec. Doc. 14-1 at 2.

[18] *Id.*

[19] *Id.* at 3.

[20] *Id.*

rights to the property.[21] Defendant contends that per the Orleans Parish Assessor's website, the property is currently owned by the Baker Cowen Company.[22] Defendant asserts that it has no obligation to Skye Erie, individually, under the policy.[23]

Next, Defendant argues that the will of Sari Brandin had not yet been probated.[24] Defendant avers that pursuant to the Louisiana Civil Code, wills must be probated to have effect.[25] Defendant contends that if a will is not probated, the assets of the decedent do not transfer to the named beneficiaries.[26] For these reasons, Defendant argues that Skye Erie, individually, does not have a legal right under the policy.[27] However, Defendant does not seek dismissal of the claims Skye Erie brings on behalf of the estate of Sari Brandin.[28]

### B.    *Defendant's Arguments in Support of Dismissal of Charles Baker*

Defendant argues that the assignment of benefits between the Baker Cowen Company and Sari Brandin was improperly executed.[29] Defendant states that the policy contained a clause which prohibited an assignment of benefits "without written consent of all 'insured', and additional 'insureds', and all mortagee(s) named in this policy."[30] Defendant avers that the signature of Dorothy Adams, an insured under the policy, did not appear on the assignment of benefits

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] Rec. Doc. 14-1 at 3.

[25] *Id.* at 4.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 17 at 3–4.

[30] *Id.* at 4.

contract.[31] Therefore, Defendant contends that the assignment of benefits is invalid under the policy, and Charles Baker does not have a right to the claim.[32]

### III. Legal Standard

The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss, which is the proper method to bring a motion to dismiss for lack of standing.[33] The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6); that is, a court may not dismiss a claim unless it appears certain that the "plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief."[34] In determining whether a Rule 12(b)(6) motion to dismiss should be granted, the Court must accept Plaintiffs' allegations as true.[35] However, "dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."[36] Although the Court has wide discretion in handling motions to dismiss, such motions are usually granted sparingly and with caution to ensure that a plaintiff's right to have a claim adjudicated on the merits is not violated.[37]

---

[31] *Id.*

[32] *Id.*

[33] *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001) (citing *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995)); *Krim v. pcOrder.com, Inc.,* 402 F.3d 489, 493 (5th Cir.2005).

[34] *United States v. City of New Orleans,* 2003 WL 22208578, at *1, No. Civ. A. 02-3618 (E.D.La. Sept. 19, 2003) (quoting *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1991)).

[35] *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.), *cert. denied,* 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

[36] *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995), citing 2A MOORE'S FEDERAL PRACTICE ¶ 12.07.

[37] 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1349 (2d ed.1990).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[38] The standing requirement comes from the requirement in Article III of the United States Constitution that a "case or controversy" exist before a federal court can hear a case.[39] "[T]he irreducible constitutional minimum of standing contains three elements."[40] "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.]"[41] "Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court."[42] "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[43]

## IV. Analysis

Defendant argues that Charles Baker and Skye Erie's individual claims should be dismissed for lack of standing because neither Charles Baker or Skye Erie was listed as an insured under the policy, nor did either Charles Baker or Skye Erie ever own the subject property.[44] Charles Baker and Skye Erie do not respond to the arguments raised by Defendants.

---

[38] *Home Builders*, 143 F.3d at 1010.

[39] U.S. CONST. Art. III, § 2, cl. 1.

[40] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

[41] *Id.* at 560, 112 S.Ct. 2130 (internal quotation marks and citations omitted).

[42] *Id.* (internal quotation marks and citations omitted).

[43] *Id.* at 561, 112 S.Ct. 2130 (internal quotation marks and citation omitted).

[44] Rec. Doc. 14; Rec. Doc. 17.

Once a defendant brings a motion to dismiss for lack of standing, the burden is upon the plaintiffs to prove that they have standing.[45] It is well-established that standing requires the plaintiff to demonstrate three elements: (1) an injury in fact that is concrete and particularized as well as actual or imminent; (2) a causal connection between the injury and the conduct of the defendant; and (3) a likelihood that the injury will be redressed by a favorable judicial decision.[46]

While Plaintiffs did not attach the insurance contract to the petition, the Court may consider this insurance policy because the policy was referred to in the petition and is central to Plaintiffs' claims.[47] Defendant attaches the insurance policy which indicates that the two insured individuals on the policy were Sari Brandin and Dorothy E. Adams.[48] Neither Charles Baker nor Skye Erie is listed on the insurance policy.

The Court finds that Charles Baker and Skye Erie, in her individual capacity, have failed to meet their burden of establishing standing to bring these claims. Plaintiffs bring claims for breach of insurance contract and for breach of duty of good faith and fair dealing under Louisiana Revised Statute §§ 22:1982 and 22:1973.[49] Charles Baker and Skye Erie, in her individual capacity, have no standing to bring said claims against Defendant because Charles Baker and Skye Erie were not parties to the insurance contract with Defendant, and thus, there is no legal

---

[45] *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

[46] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

[47] *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir.2000).

[48] Rec. Doc. 17-6 at 1.

[49] Rec. Doc. 1.

relationship between the parties.⁵⁰ As such, the Court must dismiss Charles Baker's claims and Skye Erie's individual capacity claims against Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions for Partial Dismissal⁵¹ are **GRANTED**. Charles Baker's claims and Skye Erie's individual capacity claims are **DISMISSED WITHOUT PREJUDICE**⁵² for lack of standing. Skye Erie's claims against Defendant brought on behalf of the estate of Sari Brandin shall remain.

**NEW ORLEANS, LOUISIANA**, this __9th__ day of August, 2024.

                                                        **NANNETTE JOLIVETTE BROWN**
                                                        **CHIEF JUDGE**
                                                        **UNITED STATES DISTRICT COURT**

---

⁵⁰ *See Williams v. Fidelity Nat. Ins. Co*, 2009 WL 2922310 (E.D.La Sept. 8, 2009) (J. Lemelle) (holding that homeowners lacked standing to bring a claim against an insurance company for flood damage to their home where the homeowners were not listed as named insureds); *see also Harrison v. Safeco Ins. Co. of America,* 2007 WL 1244268 (E.D.La. Jan. 26, 2007) (J. Barbier) ("This Court finds that Plaintiffs have no standing to bring their claims against Defendants as Plaintiffs are not parties to any insurance contract with Defendants…").

⁵¹ Rec. Doc. 14; Rec. Doc. 17.

⁵² *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 468 (5th Cir. 2020) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice.").